1  MARC J. FAGEL (Cal. Bar No. 154425)
   ROBERT L. MITCHELL (Cal. Bar No. 161354)
2  mitchellr@sec.gov
   SAHIL W. DESAI (Cal. Bar No. 197358)
3  desais@sec.gov

4  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
5  44 Montgomery Street, Suite 2600
   San Francisco, California 94104
6  Telephone: 415-705-2500
   Facsimile: 415-705-2501

7

8

9                    UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                       SAN JOSE DIVISION

12

13  SECURITIES AND EXCHANGE COMMISSION,        Case No.

14            Plaintiff,

15      vs.                                     [PROPOSED] FINAL JUDGMENT AS TO
                                                DEFENDANT DIANE BJORKSTROM
16  DIANE BJORKSTROM,

17            Defendant.

18



19      The Securities and Exchange Commission having filed a Complaint and Defendant Diane

20  Bjorkstrom ("Defendant") having entered a general appearance; consented to the Court's jurisdiction

21  over Defendant and the subject matter of this action; consented to entry of this Final Judgment

22  without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

23  findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

24                                      I.

25      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's

26  agents, servants, employees, attorneys, and all persons in active concert or participation with them

27  who receive actual notice of this Final Judgment by personal service or otherwise are permanently

28  restrained and enjoined from violating Sections 17(a)(2) and (3) of the Securities Act of 1933

1   ("Securities Act") [15 U.S.C. § 77q(a)] by obtaining money or property by means of untrue

2   statements of material fact or by omitting to state a material fact necessary in order to make the

3   statements made, in light of the circumstances under which they were made, not misleading; or

4   engaging in any transaction, practice, or course of business which operates or would operate as a

5   fraud or deceit upon the purchaser in the offer or sale of any securities by the use of any means or

6   instrumentality of interstate commerce, or of the mails.

7                                                    **II.**

8           IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and

9   Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation

10  with them who receive actual notice of this Final Judgment by personal service or otherwise are

11  permanently restrained and enjoined from violating Section 13(b)(5) of the Securities Exchange Act

12  of 1934 (the "Exchange Act") [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R.

13  240.13b2-1] by knowingly circumventing or failing to implement a system of internal accounting

14  controls of any issue which has a class of securities registered pursuant to Section 12 of the Exchange

15  Act [15 U.S.C. § 78l] or any company which is required to file reports pursuant to Section 15(d) of

16  the Exchange Act [15 U.S.C. § 78o].

17                                                   **III.**

18          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and

19  Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation

20  with them who receive actual notice of this Final Judgment by personal service or otherwise are

21  permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the

22  Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 promulgated

23  thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13] by knowingly providing

24  substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of

25  the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. § 78o] in failing

26  to file with the Commission such accurate and complete information, reports, and documents as are

27  required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §

28  78m(a)] and the Commission's Rules thereunder, including but not limited to, annual reports on Form

[PROPOSED] FINAL JUDGMENT AS TO
                                         DEFENDANT DIANE BJORKSTROM

1  10-K [17 C.F.R. § 249.308] as prescribed by Commission Rule 13a-1 [17 C.F.R. § 240.13a-1],

2  quarterly reports on Form 10-Q [17 C.F.R. § 249.308a] as prescribed by Commission Rule 13a-13

3  [17 C.F.R. § 240.13a-13], and current reports on Form 8-K [17 C.F.R. § 249.308] as prescribed by

4  Commission Rule 13a-11 [17 C.F.R. § 240.13a-11], such information and documents to contain, in

5  addition to such information as is expressly required to be included in a statement or report to the

6  Commission, such further material information, if any, as may be necessary to make the required

7  statements, in the light of the circumstances under which they are made, not misleading, as prescribed

8  by Commission Rule 12b-20 [17 C.F.R. § 240.12b-20].

9                                              IV.

10       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and

11  Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation

12  with them who receive actual notice of this Final Judgment by personal service or otherwise are

13  permanently restrained and enjoined from signing false certifications in violation of Rule 13a-14

14  under the Exchange Act [17 C.F.R. § 240.13a-14].

15                                              V.

16       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and

17  Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation

18  with them who receive actual notice of this Final Judgment by personal service or otherwise are

19  permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of

20  the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by causing any issuer which has a class of securities

21  registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the

22  Exchange Act [15 U.S.C. § 78o] to fail to make or keep books, records or accounts, which, in

23  reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the

24  issuer.

25                                              VI.

26       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and

27  Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation

28  with them who receive actual notice of this Final Judgment by personal service or otherwise are

1   permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of

2   the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by causing any issuer which has a class of securities

3   registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the

4   Exchange Act [15 U.S.C. § 78o] to fail to devise and maintain a system of internal accounting

5   controls sufficient to provide reasonable assurances that:

6           A.    transactions are executed in accordance with management's general or specific

7               authorization;

8           B.    transactions are recorded as necessary (i) to permit preparation of financial

9               statements in conformity with generally accepted accounting principles or any

10               other criteria applicable to such statements, and (ii) to maintain accountability

11               for assets;

12           C.    access to assets is permitted only in accordance with management's general or

13               specific authorization; and

14           D.    the recorded accountability for assets is compared with the existing assets at

15               reasonable intervals and appropriate action is taken with respect to any

16               differences.

17   **VII.**

18        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

19   civil penalty in the amount of $20,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §

20   77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall make this

21   payment pursuant to the terms of the payment schedule set forth in paragraph VIII below after entry

22   of this Final Judgment by certified check, bank cashier's check, or United States postal money order

23   payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to

24   the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432

25   General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter

26   identifying Diane Bjorkstrom as a defendant in this action; setting forth the title and civil action

27   number of this action and the name of this Court; and specifying that payment is made pursuant to

28   this Final Judgment.  Defendant shall simultaneously transmit photocopies of such payment and letter

1 to the attention of Marc J. Fagel, Regional Director, at the Commission's San Francisco Regional

2 Office, 44 Montgomery Street, Suite 2600, San Francisco, California 94104. Defendant shall pay

3 post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission

4 shall remit the funds paid pursuant to this paragraph to the United States Treasury.

5                                                     **VIII.**

6          Bjorkstrom shall pay a civil penalty in the amount of $20,000.00 in four (4) installments

7 according to the following schedule:  (1) $5,000.00 within ninety (90) days of entry of this Final

8 Judgment; (2) an additional $5,000.00 within 180 days of entry of this Final Judgment; (3) a further

9 additional $5,000.00 within 270 days of the entry of this Final Judgment; and (4) the remaining

10 $5,000.00 within 360 days of the entry of this Final Judgment. If Bjorkstrom fails to make any

11 payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all

12 outstanding payments under this Final Judgment, including post-judgment interest, minus any

13 payments made, shall become due and payable immediately without further application to the Court.

14                                                     **IX.**

15          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant

16 Diane Bjorkstrom To Entry Of Final Judgment is incorporated herein with the same force and effect

17 as if fully set forth herein, and that Defendant shall comply with all of the undertakings and

18 agreements set forth therein.

19 ///

20 ///

21 ///

22

23

24

25

26

27

28

**[PROPOSED] FINAL JUDGMENT AS TO**
                                                                **DEFENDANT DIANE BJORKSTROM**

1

**X.**

2    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

3    jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

4

**XI.**

5    There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

6    Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

7    The Clerk shall close this file.

8    Dated: January 6, 2010

JAMES WARE
United States District Judge

9

10

APPROVED AS TO FORM:

11

12    Susan D. Resley, Esq.

13    Orrick, Herrington & Sutcliffe LLP
     1000 Marsh Road

14    Menlo Park, CA 94025
     (650) 614-7400

15

16    Attorney for Defendant DIANE BJORKSTROM

17

18    SUBMITTED BY:

19

20    Marc J. Fagel
     Robert L. Mitchell

21    Sahil W. Desai

22    Attorneys for Plaintiff
     SECURITIES AND EXCHANGE COMMISSION

23

24

25

26

27

28

-6-

**[PROPOSED] FINAL JUDGMENT AS TO
DEFENDANT DIANE BJORKSTROM**